UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:
LILIANA DOUGAN AND
DWAYNE M. DOUGAN,                           Chapter 7
        DEBTOR.                              Case No. 11-19503-WCH

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

The matter before the Court is the "Motion to Reconsider Order Denying Motion to Avoid Judicial Lien Execution of Mitchell Beede" (the "Motion to Reconsider") filed by Liliana Dougan and Dwayne M. Dougan (collectively, the "Debtors"). On reconsideration, the Debtors challenge my prior ruling that they did not qualify as "owners" under the Massachusetts Homestead Statute[1] because title to their home is held by a residential cooperative housing corporation while they hold only a ninety-nine year lease. For the reasons set forth below, I will grant the Motion to Reconsider.

**II. BACKGROUND**

The Debtors filed a voluntary Chapter 7 petition on October 5, 2011. They initially filed schedules on October 19, 2011, but later amended "Schedule A – Real Property" ("Amended Schedule A"), "Schedule C – Property Claimed as Exempt" ("Amended Schedule C"), and "Schedule D – Creditors Holding Secured Claims" ("Amended Schedule D"). On Amended Schedule A, the Debtors listed a single family residence located at 1 Mayflower Circle in Nantucket, Massachusetts (the "Property") with a fair market value of $850,000 subject to a

---

[1] Mass. Gen. Laws ch. 188, § 1 *et seq.*

1

secured claim in the amount of $733,452. Notably, they did not characterize their ownership interest in the column labeled "Nature of Debtor's Interest in Property." On Amended Schedule C, the Debtors claimed an exemption in the Property pursuant to Mass. Gen. Laws Ch. 188, § 1 in the amount of $218,231 (the "Homestead Exemption"). They did not list any leases on "Schedule G – Executory Contracts and Unexpired Leases." Finally, on Amended Schedule D, the Debtors listed two secured debts with respect to the Property—a first mortgage held by Nantucket Bank in the amount of $631,769, and an execution in the amount of $101,683.33 held by Mitchell Beede (the "Lien").

The Debtors appeared at the meeting of creditors held pursuant to 11 U.S.C. § 341 on December 2, 2011, and on January 6, 2012, Warren Agin, the duly appointed Chapter 7 trustee, filed the Chapter 7 Trustee's Report of No Distribution indicating that the Debtors held no nonexempt assets available for distribution to their creditors. An order discharging the Debtors entered on January 31, 2012.

On October 15, 2012, the Debtors filed the "Motion to Avoid Judicial Lien Execution of Mitchell Beede" (the "Motion to Avoid Lien") seeking to avoid a judicial lien pursuant to 11 U.S.C. § 522(f)(1)(A) as impairing the Homestead Exemption to which they are entitled. While the Motion to Avoid Lien complied with the requirements of Massachusetts Local Bankruptcy Rule ("MLBR") 4003-1(a) and otherwise set forth grounds for avoidance under 11 U.S.C. § 522(f)(2)(A), the statement of facts contained therein revealed for the first time that the ownership of the Property was more complex than the Amended Schedule A had suggested. In sum, the Debtors represented that after the acquiring the Property in November, 2005, they transferred the Property to the One Mayflower Circle Cooperative, Inc. (the "Co-op"), a Massachusetts housing cooperative corporation by deed dated April 30, 2008, and recorded on

2

May 5, 2008. On the same date, the Debtors entered into a ninety-nine year lease with the Co-op. They subsequently executed and recorded a Declaration of Homestead with the Nantucket County Registry of Deeds on October 3, 2011. Notably, the Declaration of Homestead does not reference the Co-op.

Although no objections to the Motion to Avoid Lien were filed, I nevertheless conducted a hearing on November 9, 2012. At the hearing, I noted the inconsistencies between the Debtors' schedules and the Motion to Avoid Lien, and questioned how the Debtors could claim an exemption where the recently amended Massachusetts Homestead Statute no longer expressly extends to leaseholds.[2] Debtors' counsel, not having anticipated this issue, simply answered that the Debtors retained an equitable interest in the Property. Ultimately, I denied the Motion to Avoid Lien, concluding that the Debtors were not entitled to the Homestead Exemption on a leasehold.[3]

The Debtors filed the Motion to Reconsider on November 27, 2012. I held a hearing on the Motion to Reconsider on December 10, 2012. At the conclusion of the hearing, I took the matter under advisement.

---

[2] I do not read either *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642, 112 S. Ct. 1644, 118 L. Ed. 2d 280 (1992), or *Schwab v. Reilly*, 130 S. Ct. 2652, 2666, 177 L. Ed. 2d 234 (2010), to prohibit a review of a claimed exemption on this basis after the expiration of the objection deadline. To the contrary, the Supreme Court of the United States in *Schwab v. Reilly* explained that the holding of *Taylor v. Freeland & Kronz,* simply "establishes and applies the straightforward proposition that an interested party must object to a claimed exemption if the amount the debtor lists as the 'value claimed exempt' is not within statutory limits." 130 S. Ct. at 2666.

[3] Due to clerical error, the original order entered on November 8, 2012, erroneously indicated that the Motion to Avoid Lien was granted. Debtors' counsel alerted the Court to the error and an amended order entered on November 15, 2012.

### III. POSITION OF THE PARTY

On reconsideration, the Debtors urge that the Property, which is "a residential cooperative housing unit established pursuant to chapters 156B, 157B, 180 or otherwise,"[4] expressly qualifies as a "home" under the Homestead Statute. Citing *McElligott v. Lukes*,[5] the Debtors argue that they are "owners" within the meaning of the Homestead Statute because the granting of ninety-nine year lease is the equivalent of a fee simple. Alternatively, they assert that a ninety-nine year lease is an interest in property sufficiently similar to that of a life estate holder to fall within the definition of "owner" under the Homestead Statute.

### IV. DISCUSSION

    A. The Reconsideration Standard

Pursuant to Fed. R. Civ. P. 59(e), made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023, I may reconsider an order upon the filing of a motion by a party in interest within fourteen days of the entry of that order. "Rule 59(e) motions are aimed at reconsideration, not initial consideration."[6] Nevertheless, "[a] motion for reconsideration is not a means by which parties can rehash previously made arguments . . . . To succeed on a motion to reconsider, the Court requires that the moving party show newly discovered evidence or a manifest error of fact or law."[7]

---

[4] *See* Mass. Gen. Laws ch. 188, § 1.

[5] *McElligott v. Lukes*, 42 Mass. App. Ct. 61, 63, 674 N.E.2d 1108 (1997).

[6] *Harley–Davidson Motor Co., Inc. v. Bank of New England–Old Colony, N.A.*, 897 F.3d 611, 616 (1st Cir.1990) (*citing White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451 (1982)).

[7] *In re Wedgestone Fin.*, 142 B.R. 7, 8 (Bankr. D. Mass. 1992) (citations omitted).

B.  The Homestead Exemption

Under 11 U.S.C. § 522(b), "an individual debtor may exempt from property of the estate the property listed in . . . paragraph (3) of this subsection," which allows a debtor to claim the exemptions provided for under applicable state law.[8] In Massachusetts, the Homestead Statute in effect on the petition date provides in relevant part:

> An estate of homestead to the extent of the declared homestead exemption in a home may be acquired by 1 or more owners who occupy or intend to occupy the home as a principal residence.[9]

Generally, the Homestead Statute defines a "declared homestead exemption" as "an exemption in the amount of $500,000 created by a written declaration" with respect to a "home."[10] Therefore, to qualify for the Homestead Exemption, the Debtors must (1) be "owners" (2) occupying or intending to occupy a "home" (3) as a principal residence.[11]

During my initial consideration of the Motion to Avoid Lien, I concluded that the Debtors, as holders of only a ninety-nine year lease with respect to the Property, were not "owners." Mass. Gen. Laws ch. 188, § 1 defines an "owner" as "a natural person who is a sole owner, joint tenant, tenant by the entirety, tenant in common, life estate holder or holder of a beneficial interest in a trust."[12] Upon reconsideration, I find that my initial application of the Homestead Statute was overly technical and predict that if presented with the issue, the

---

[8] 11 U.S.C. § 522(b)(1), (3)(A).

[9] Mass. Gen. Laws ch. 188, § 3(a).

[10] Mass. Gen. Laws ch. 188, § 1.

[11] Mass. Gen. Laws ch. 188, § 3(a).

[12] Mass. Gen. Laws ch. 188, § 1.

5

Massachusetts Supreme Judicial Court would find that the Debtors qualify as "owners" and are entitled to the benefit of a homestead with respect to the Property.[13]

In Massachusetts, "the primary source of insight into the intent of the Legislature is the language of the statute."[14]  "[S]tatutory language should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result."[15] Additionally,

> [c]ourts must ascertain the intent of a statute from all its parts and from the subject matter to which it relates, and courts must interpret the statute so as to render the legislation effective, consonant with reason and common sense.[16]

A lessee is not among the six enumerated types of owners who may claim an exemption under the Homestead Statute.  Under the maxim of *expressio unius est exclusio alterious*—the expression of one thing is the exclusion of other things—that would seem to end the inquiry.[17] "However, [the Supreme Judicial Court] ha[s] also recognized that the maxim is not to be followed where to do so would frustrate the general beneficial purposes of the legislation."[18] Indeed, they "do not employ the conventions of statutory construction in a mechanistic way that

---

[13] *Garran v. SMS Financial V, LLC (In re Garran)*, 338 F.3d 1, 6 (1st Cir. 2003) (recognizing that where Massachusetts courts have not yet addressed an issue, the court must predict how the Massachusetts Supreme Judicial Court would interpret the statute); *Caron v. Farmington Nat'l Bank (In re Caron)*, 82 F.3d 7, 9 (1st Cir. 1996) (holding that a federal court must decide an issue regarding the interpretation of a state law according to its anticipation of how the highest state court would hold).

[14] *Int'l Fid. Ins. Co. v. Wilson*, 387 Mass. 841, 853, 443 N.E.2d 1308 (1983).  *See In re Jones*, 467 B.R. 256, 259 (Bankr. D. Mass. 2011); *Provencal v. Commonwealth Health Ins. Connector Auth.*, 456 Mass. 506, 513–514, 924 N.E.2d 689, 694 (2010).

[15] *Provencal v. Commonwealth Health Ins. Connector Auth.*, 456 Mass. at 514 (*quoting Sullivan v. Brookline*, 435 Mass. 353, 360, 758 N.E.2d 110 (2001)).

[16] *Cote–Whitacre v. Dep't of Pub. Health*, 446 Mass. 350, 358, 844 N.E.2d 623 (2006).

[17] *See, e.g., Harborview Residents' Comm., Inc. v. Quincy Hous. Auth.*, 368 Mass. 425, 432, 332 N.E.2d 891 (1975); *Iannelle v. Fire Comm'r. of Boston*, 331 Mass. 250, 252-253, 118 N.E.2d 757 (1954); *Universal Mach. Co. v. Alcoholic Beverages Control Comm'n.*, 301 Mass. 40, 45, 16 N.E.2d 53 (1938); *Aquino v. Civil Serv. Comm'n*, 34 Mass. App. Ct. 538, 541, 613 N.E.2d 131 (1993).

[18] *Harborview Residents' Comm., Inc. v. Quincy Hous. Auth.*, 368 Mass. at 432.

upends the common law and fundamentally makes no sense."[19]  Nevertheless, I am mindful that the Supreme Judicial Court "will not expand or limit the meaning of a statute unless such is required by the 'object and plain meaning' of the statute."[20]

Viewing the Homestead Statute as a whole, there is reason to believe that the statutory text defining "owner" is, by itself, incomplete.  Notably, a "home" is defined to include "the aggregate of . . . a residential cooperative housing unit established pursuant to chapters 156B, 157B, 180 or otherwise."[21]  This strongly suggests that the Legislature intended residential cooperative housing units, like the Property, could be subject to a homestead.  To conclude otherwise would render the phrase a surplusage as there would have been no reason to include such properties within the definition of "home."  There is, however, an inherent problem because title to residential cooperative housing units are held by a residential cooperative housing corporation, not "a natural person" as required under the definition of "owner."[22]  Therefore, read literally, though a residential housing unit is a "home" to which homestead protection is available, there is no "owner" that can acquire one.

Ultimately, this disconnect between the definitions of "home" and "owner" in the Homestead Statute produces an absurd result, but I am reluctant to characterize the necessary linkage with any specificity.[23]  It is enough for me to conclude that the Supreme Judicial Court

---

[19] *Suffolk Const. Co., Inc. v. Div. of Capital Asset Mgmt.*, 449 Mass. 444, 458, 870 N.E.2d 33 (2007).

[20] *Norfolk & Dedham Mut. Fire Ins. Co. v. Morrison*, 456 Mass. 463, 468, 924 N.E.2d 260 (2010); *Canton v. Comm'r of the Mass. Highway Dep't*, 455 Mass. 783, 789, 919 N.E.2d 1278 (2010); *Rambert v. Commonwealth*, 389 Mass. 771, 773, 452 N.E.2d 222 (1983).

[21] Mass. Gen. Laws ch. 188, § 1.

[22] *Id.*

[23] While the words "lessee" or "tenant" would bridge the gap in the statutory text, the prior version of the Homestead Statute expressly applied to "one or all who rightfully possess the premise by lease," and "[r]eading in language that the Legislature chose to remove . . . violates basic principles of statutory construction and impermissibly interferes with the legislative function." *Kenniston v. Dep't of Youth Servs.*, 453 Mass. 179, 185, 900

7

would view the omission of any provision allowing for an individual residing in a residential cooperative housing unit to acquire or benefit from a homestead is illogical and appears contrary to the Legislative intent in as much as such properties are expressly defined as "homes." In reaching this prediction, I recognize that the Massachusetts courts have "construed the State homestead exemptions liberally in favor of debtors."[24]

In the interests of covering all bases, I note that an alternative explanation is that the Legislature did not inadvertently omit something from the definition of "owner," but instead relied upon existing laws to incorporate additional concepts not expressed in the text. Indeed, the Legislature is presumed to know the pre-existing law when it enacts a statute.[25] The Debtors rely on *McElligott v. Lukes* for the proposition that the granting of ninety-nine year lease is the equivalent of a fee simple, thus rendering them "owners" within the meaning of the Homestead Statute.[26] In that case, the Massachusetts Court of Appeals affirmed the trial judge's findings that the granting of a ninety-nine year lease with respect to a condominium parking space was "the equivalent of a fee simple" and thus constituted an impermissible attempt to transfer an appurtenant interest apart from a disposition of the condominium unit in violation of the condominium by-laws.[27] Although the Court of Appeals concluded that the trial court committed "no error," I note that no citation appears in support of the proposition that a ninety-

---

N.E.2d 852 (2009); *see Com. v. Porges*, 460 Mass. 525, 530, 952 N.E.2d 917, 921 (2011). In comparison, the addition of "stockholder in a residential cooperative housing corporation" to the definition of "owner" might serve better, but it is the role of the Legislature to pick the correct terminology.

[24] *Shamban v. Masidlover*, 429 Mass. 50, 53, 705 N.E.2d 1136 (1999). *See Dwyer v. Cempellin*, 424 Mass. 26, 30, 673 N.E.2d 863 (1996).

[25] *See, e.g., Com. v. Clark*, 446 Mass. 620, 626, 846 N.E.2d 765, 771 (2006); *Condon v. Haitsma*, 325 Mass. 371, 373, 90 N.E.2d 549, 550 (1950).

[26] *McElligott v. Lukes*, 42 Mass. App. Ct. 61, 63, 674 N.E.2d 1108 (1997).

[27] *Id.*

nine year lease is the equivalent of a fee simple.[28]  Moreover, my own research has not revealed any other applicable authority.[29]  In any event, the result, if not the rationale, would be the same.

    C.  <u>Lien Avoidance under Section 522(f)</u>

Having found that the Debtors are entitled to the Homestead Exemption, I must now determine whether the Lien is properly subject to avoidance.  Section 522(f)(2)(A) of the Bankruptcy Code provides the following formula to determine whether a debtor's exemption is impaired:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>     (i) the lien;
>     (ii)  all other liens on the property; and
>     (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.[30]

Applying this formula to the Lien, the sum of the Lien ($101,683.33), all other liens on the property ($631,769), and the Homestead Exemption ($218,231) equals $951,683.33, which

---

[28] *Id.*

[29] Massachusetts General Laws have long provided that a leasehold estate demised for *one hundred years or more* shall be regarded as an estate in fee simple so long as fifty years of the term remain unexpired.  *See* Mass. Gen. Laws ch. 186, § 1A (2012) ("If land is demised for the term of 100 years or more, the term shall, so long as 50 years thereof remain unexpired, be regarded as an estate in fee simple as to everything concerning the descent and devise thereof upon the decease of the owner, the sale thereof by personal representatives, guardians, conservators or trustees, the levy of execution thereon and the redemption thereof if mortgaged or taken on execution. Whoever holds as lessee or assignee under such a lease shall, so long as 50 years of the term remain unexpired, be regarded as a freeholder for all purposes."); s*ee also Stark v. Mansfield*, 178 Mass. 76, 81, 59 N.E. 643, 644 (1901) (noting that Pub. St. c. 121, § 1 provided that a lease of a term of one hundred years shall, so long as fifty years of the time are unexpired, be regarded as a freeholder for all purposes); *Hollenbeck v. McDonald*, 112 Mass. 247, 249 (1873) ("Our statutes providing that so long as fifty years of the term of a lease for one hundred years or more remain unexpired, it shall be regarded for many purposes as an estate in fee simple, and the lessee as a freeholder, do not affect the form of deed by which it may be conveyed."); *Greenwood v. Murdock*, 75 Mass. 20, 22 (1857) ("Rev. Sts. c. 60, § 18, which provide that leasehold estates demised for one hundred years or more, so long as fifty years of the term remain unexpired, shall be regarded as an estate in fee simple, "as to everything concerning the redemption thereof when mortgaged."); *In re Gay*, 5 Mass. 419 (1809) (a term of 999 years is chattel).  Unfortunately, the Debtors' lease is one year too short for Mass. Gen. Laws ch. 186, § 1A to apply, precluding an easy answer.

[30] 11 U.S.C. § 522(f)(2)(A).

exceeds the value of the Debtors' interest in the property ($850,000) by $101,683.33. Therefore, the Lien is fully avoidable.

## V. <u>CONCLUSION</u>

In light of the foregoing, I will enter an order granting the Motion to Reconsider and Motion to Avoid Lien.

                                                            */s/ William C. Hillman*

                                                            William C. Hillman
                                                            United States Bankruptcy Judge

Dated: January 8, 2013

Counsel Appearing:

    Peter M. Daigle, The Law Office of Peter M. Daigle, P.C., Centerville, MA,
        for the Debtors